JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SD Properties, LLC

**DEFENDANTS**
Calvert County, Maryland

**(b)** County of Residence of First Listed Plaintiff    Calvert
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Calvert
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven B. Preller, Esq.
130 Holiday Court, Suite 108, Annapolis, MD 21401
(410) 573-1611

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

◻ 1   U.S. Government Plaintiff

✖ 3   Federal Question
    *(U.S. Government Not a Party)*

◻ 2   U.S. Government Defendant

◻ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated or Principal Place of Business in This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated and Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 625 Drug Related Seizure of Property 21 USC 881 | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 365 Personal Injury - | ◻ 690 Other | ◻ 423 Withdrawal 28 USC 157 | ◻ 376 Qui Tam (31 USC 3729(a)) |
| ◻ 130 Miller Act | ◻ 315 Airplane Product Liability | Product Liability | | | ◻ 400 State Reapportionment |
| ◻ 140 Negotiable Instrument | ◻ 320 Assault, Libel & | ◻ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| ◻ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' Liability | ◻ 368 Asbestos Personal Injury Product Liability | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ◻ 340 Marine | | **LABOR** | ◻ 840 Trademark | ◻ 460 Deportation |
| | ◻ 345 Marine Product Liability | **PERSONAL PROPERTY** | ◻ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ◻ 470 Racketeer Influenced and Corrupt Organizations |
| ◻ 153 Recovery of Overpayment of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 370 Other Fraud | ◻ 720 Labor/Management Relations | ◻ 861 HIA (1395ff) | ◻ 480 Consumer Credit |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle Product Liability | ◻ 371 Truth in Lending | ◻ 740 Railway Labor Act | ◻ 862 Black Lung (923) | ◻ 490 Cable/Sat TV |
| ◻ 190 Other Contract | ◻ 360 Other Personal Injury | ◻ 380 Other Personal Property Damage | ◻ 751 Family and Medical Leave Act | ◻ 863 DIWC/DIWW (405(g)) | ◻ 850 Securities/Commodities/ Exchange |
| ◻ 195 Contract Product Liability | ◻ 362 Personal Injury - Medical Malpractice | ◻ 385 Property Damage Product Liability | ◻ 790 Other Labor Litigation | ◻ 864 SSID Title XVI | ◻ 890 Other Statutory Actions |
| ◻ 196 Franchise | | | ◻ 791 Employee Retirement Income Security Act | ◻ 865 RSI (405(g)) | ◻ 891 Agricultural Acts |
| | | | | | ◻ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ◻ 895 Freedom of Information Act |
| ◻ 210 Land Condemnation | ✖ 440 Other Civil Rights | **Habeas Corpus:** | | ◻ 870 Taxes (U.S. Plaintiff or Defendant) | ◻ 896 Arbitration |
| ◻ 220 Foreclosure | ◻ 441 Voting | ◻ 463 Alien Detainee | | ◻ 871 IRS—Third Party 26 USC 7609 | ◻ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment | ◻ 510 Motions to Vacate Sentence | | | ◻ 950 Constitutionality of State Statutes |
| ◻ 240 Torts to Land | ◻ 443 Housing/ Accommodations | ◻ 530 General | | | |
| ◻ 245 Tort Product Liability | ◻ 445 Amer. w/Disabilities - Employment | ◻ 535 Death Penalty | **IMMIGRATION** | | |
| ◻ 290 All Other Real Property | ◻ 446 Amer. w/Disabilities - Other | **Other:** | ◻ 462 Naturalization Application | | |
| | ◻ 448 Education | ◻ 540 Mandamus & Other | ◻ 465 Other Immigration Actions | | |
| | | ◻ 550 Civil Rights | | | |
| | | ◻ 555 Prison Condition | | | |
| | | ◻ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

✖ 1 Original Proceeding    ◻ 2 Removed from State Court    ◻ 3 Remanded from Appellate Court    ◻ 4 Reinstated or Reopened    ◻ 5 Transferred from Another District *(specify)*    ◻ 6 Multidistrict Litigation - Transfer    ◻ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
14th Amendment to US Constitution

Brief description of cause:
Violation of Equal Protection Clause Pertaining to Land Use

## VII. REQUESTED IN COMPLAINT:
◻ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ◻ Yes ✖ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE                DOCKET NUMBER

DATE   1/2/20

SIGNATURE OF ATTORNEY OF RECORD   Steven Prell

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**SD PROPERTIES, LLC**
1200 White Sands Drive
Lusby, Maryland 20657

Plaintiff,

v.

**CALVERT COUNTY, MARYLAND**
175 Main Street
Prince Frederick, Maryland 20678

Defendant.

\*

\*          Case No. _____

\*

\*

\*

\*

\*          \*          \*          \*          \*          \*          \*          \*          \*          \*          \*          \*          \*

## COMPLAINT

SD Properties, LLC (the "Plaintiff" or "SD Properties "), by and through its undersigned attorney, hereby files this Complaint against Calvert County, Maryland for violating its constitutional right of equal protection under the law under the Fourteenth Amendment to the United States Constitution, and states as follows:

### Parties and Jurisdiction

1.      Plaintiff is a limited liability company duly organized under the laws of the state of Maryland, which conducts its principal business activity in Calvert County, Maryland.

2.      Defendant is a Maryland code county as defined in Section 1-101 of the Local Government Article of the Annotated Code of Maryland.

1

3.     This court has subject matter jurisdiction over this claim and controversy which arises out of the equal protection clause under the Fourteenth Amendment to the United States Constitution.

Factual Allegations Applicable to All Counts

4.     On April 14, 2006, Plaintiff acquired six (6) parcels of land in the White Sands subdivision located in Calvert County, Maryland; and Plaintiff acquired three (3) additional parcels in the White Sands subdivision by deed dated February 27, 2007. The nine (9) parcels are hereinafter referred to as the "Property." The Property is improved by a restaurant, marina, pool, beach area, and related amenities having an address of 1200 White Sands Drive, Lusby, Maryland 20657.

5.     Vera Freeman ("Vera") acquired the marina and restaurant facility over fifty (50) years ago.

6.     In the book entitled *The Legendary Vera, A Life of Glamour,* it is reported that over the years the marina and restaurant facility was called the "*Taj Mahal of Lusby.*"

7.     Historic photos of the Property depict a sandy beach used for sunbathing, swimming, and boat launches and landings. The photos depict multiple tiki huts on the beach front, the marina, restaurant, pool, finger pier, and boat ramp.

8.     An article appearing in *The Washington Post* reports that "The Freemans bought the 800 acres of land on St. Leonard's Creek nearly 30 years ago, dumped truckloads of white sand on the shore and turned their fantasy eight miles of Solomon's Island into one of the hottest yacht clubs on the East Coast."

2

9.     The marina facilities had docking for 100 boats, electrical service to slips, gas, diesel, nightly entertainment in the restaurant, shower, and a swimming pool available to guests.

10.     In a written historical account authored by Susan Shaw, former member of the Board of County Commissioners of Calvert County, she stated, "Every weekend was like a boat show, with boats as large as 150' long docking on the T piers."

11.     Part of the Property is classified as a Special Buffer Management Area, subject to a 50' critical area buffer.

12.     Since acquiring the Property, Plaintiff has spent tremendous amount of capital to restore, renovate, and improve the Property.

13.     Section 8-1.01 of the Calvert County Zoning Ordinance reads, in pertinent part, as follows:

> State law created the Critical Area regulations. The Critical Area Act recognizes that the land immediately surrounding the Chesapeake Bay and its tributaries has the greatest potential to affect water quality and wildlife habitat and thus designated all lands and water areas within 1,000 feet of tidal waters or adjacent tidal wetlands and all waters of and lands and water under the Chesapeake Bay and its tributaries to the head of the tide as indicated on State wetlands maps as "Critical Area." General regulations are defined in Section 8-1.02. State law requires that the Critical Area be divided into three types of development areas based on land uses in existence when the regulations were adopted in 1985; Intensely Developed Areas, Limited Development Areas, and Resource Conservation Areas. Descriptions of and regulations for each of these three subareas are outlined in Sections 8.1.03, 8-1.04 and 8-1.05, respectively.

14.     Section 8-1.07 of the Calvert County Zoning Ordinance contains a grandfathering provision which reads, in pertinent part, as follows:

> After Critical Area Program approval (December 13, 1988), the continuation, of any use legally in existence on the date of Critical Area Program approval is permitted. In the Critical Area, if the use has been abandoned for more than one year, then it is no longer grandfathered. If any existing use does not conform with the provisions of the County Critical Area Program, its intensification or

3

expansion may be permitted only in accordance with the procedures outlined in
this Ordinance (See Section 2-6.01 and Section 11.0.01).

15.      On December 13, 1988, the Property was used as a marina, restaurant, pool, beach

area, and enjoyment of riparian rights to the waters of the State, including swimming, sunbathing,

launching and landing of boats, enjoying food and drinks on the beach and at multiple tiki huts,

live entertainment and related uses.

16.      Since December 13, 1988 and continuously to the present, the uses of the Property

have not changed, except as mandated by regulatory action. Thus, all of the uses that existed on

December 13, 1988 are subject to grandfathering.

17.      Over nine (9) years ago, the County authorized Plaintiff to place a mobile bar on

the Property and advised that no additional permits were required for the same. In addition, the

County authorized the screening of porta-johns with wooden planks, which also protected the

porta-johns from the wind.

18.      As discussed in more detail below, the County has violated the Plaintiff's

constitutional right of equal protection under the law under the Fourteenth Amendment of the

United States Constitution by intentionally treating Plaintiff differently from others similarly

situated, and there is no rational basis for the differences in treatment.

19.      The discriminatory actions taken by Defendant have been irrational and wholly

arbitrary.

20.      In addition, the discriminatory actions of Defendant are based on the arbitrary,

malicious and bad faith conduct of its government agents against Plaintiff, who has been singled-

4

out for selective enforcement motivated by an intent to injure and destroy the value of the Property.

21.     Effectively, Plaintiff is a "class of one" who has been singled out by Defendant for selective prosecution.

22.     The Tiki Bar on Solomon's Island is located at 85 Charles Street, Solomon's, Maryland 20688 (the "Tiki Bar"). The Tiki Bar is owned by Mr. Luck, LLC, a Maryland limited liability company.

23.     The Tiki Bar is located in the critical area of Calvert County.

24.     The Tiki Bar operations shut down for approximately eighteen (18) months prior to its reopening on May 17, 2019 due primarily to the death of its prior operator, Terry Clarke, in September 2017.

25.     Accordingly, the previously grandfathered uses in the critical area were no longer permitted.

26.     On May 17, 2019, the owner was permitted on a fast track basis to operate a tiki bar constructed in the critical area, which incudes the sale of alcoholic beverages, sale of food, and live bands performing on a newly constructed stage covered by a 100-foot tent over the stage for cover.

27.     The Tiki Bar is similarly situated as the Plaintiff in that both operate tiki bars and other amenities in the critical area.

28.     The Tiki Bar and Plaintiff, however, received different treatment without a rational basis for doing so.

29.     The Tiki Bar should not have been permitted to use its property located within the critical area because it shut down for over a year and lost the grandfathering of prior uses. In addition, the Tiki Bar is permitted to sell alcoholic beverages from a permanent structure located in the critical area, and was permitted to construct a band stage and tent in the critical area.

30.     Meanwhile, Defendant seeks to force Plaintiff to discontinue use of a much small mobile bar which has been in operations for over nine (9) years, to remove the wood screen from port-a-johns, and has challenged or limited other grandfathered uses of the Property.

31.     Defendant owns the property known as the Calvert Marine Museum, located in Calvert County, Maryland.

32.     The Calvert Marine Museum is located in the critical area of Calvert County.

33.     The Calvert Marine Museum Society, Inc. (the "Society") is a non-profit organization.

34.     The Society operates the museum store and is the promoter of large concerts located at the Calvert Maritime Museum property.

35.     The financial terms of the arrangement between the County and the Society have not been disclosed, despite multiple requests under the Maryland Public Information Act.

36.     The Calvert County Maritime Museum property is similarly situated to Plaintiff's property.

37.     Yet, the Society was able to construct the PNC Waterside Pavilion in the critical area, have massive concerts, sell alcoholic beverages for consumption of County property, allow extensive parking and tailgating on adjacent property also located in the critical area which begins hours before the events, and use public resources for the concerts, including officers from the

Sheriff's department to police the event, shutting down county roads, rental of port-a-johns, and trash pick-up.

38.    The conducting of concerts on County land also necessarily subjects the County to significant liability for personal injury due to excessive consumption of alcohol and possible related drunk driving injuries or fatalities.

39.    The County is essentially involved in the concert promotion business including the sale of alcoholic beverages as a joint venturer with the Society under a covert financial arrangement.

40.    Stoney's Seafood House ("Stoney's) operates a restaurant in Calvert County, Maryland located at 3939 Oyster House Road, Broomes Island, Maryland 20615.

41.    After 1988, the County permitted Stoney's to operate install a boat bar, wedding pavilion, and walkways in the critical area.

42.    Stoney's and the Plaintiff are similarly situated in that both operate tiki bars and walkways in the critical area.

43.    Stoney's, however, received different treatment from Plaintiff without a rational basis for doing so.

### COUNT ONE

### (EQUAL PROTECTION VIOLATIONS)

44.    Plaintiff incorporates by reference in this Count One all the allegations contained in Paragraphs 1 through 43 of this Complaint.

45.     Section 1 of the Fourteenth Amendment to the United States Constitution reads, in pertinent part, "No state… shall deny to any person within its jurisdiction the equal protection of the laws."

46.     As discussed in detail above, Plaintiff is similarly situated to the owner of the Tiki Bar, the Calvert Maritime Museum, Stoney's and others who construct and operate bars and other improvements in the critical areas of Calvert County, Maryland.

47.     Defendant, however, has intentionally treating Plaintiff differently from others similarly situated, and there is no rational basis for the differences in treatment.

48.     The discriminatory actions taken by Defendant have been irrational and wholly arbitrary.

49.     In addition, the discriminatory actions of Defendant are based on the arbitrary, malicious and bad faith conduct of its government agents against Plaintiff, who has been singled-out for selective enforcement motivated by an intent to injure and destroy the value of the Property.

50.     Effectively, Plaintiff is a "class of one" who has been singled out by Defendant for selective prosecution.

51.     Defendant's actions have violated Plaintiff's civil rights under the Fourteenth Amendment to the United States Constitution.

52.     As a proximate result of such violations, Plaintiff has suffered special and general compensatory damages.

WHEREFORE, Plaintiff hereby demands compensatory damages against Defendant in the amount of $1,000,000.00 and such further relief as the Court deems just and proper.

Steven B. Preller, Esq. (#07841)
CPF ID No. 8712010499
Law Offices of Steven B. Preller
130 Holiday Court
Suite 108
Annapolis,    Maryland    21401
(410) 573-1611
spreller@msn.com

*Attorney for Plaintiff*

9